8742

WHITE v. HALSEY LUMBER CO.

REAL PROPERTY—DAMAGES—MANUFACTURING PLANT.—One owning and occupying a dwelling near a manufacturing plant using sawdust for fuel in its furnaces may maintain an action against the manufacturing company for damages to his home from cinders and charcoal precipitated thereon.

Before BOWMAN, J., Charleston, November, 1913. Affirmed.

Action by Hugh W. White against Halsey Lumber Co. Defendant appeals.

*Messrs. Mitchell & Smith,* for appellant, cite: 54 S. C. 242; 64 S. C. 130; 81 S. C. 372; 80 S. C. 516; 83 S. C. 292; 3 S. C. 447; 5 Har. 487; Wood on Nuisance, secs. 20, 618, 619, 301, 534; 6 Cush. 80; 89 Cal. 623; 53 Pac. R. 1118.

*Messrs. Ficken & Erckmann,* contra, cite: 1 Chitty on Plds. 206 S. C. 10; 21 Ency. 682; 3 Black 216, 683; 108 U. S. 317; 42 S. C. 413; 169 Ind. 177; 1 Wood on

Nui. 1; 20 L. R. A. 844; 11 Rich. 217; 42 S. C. 402; 59 S. C. 572; 67 S. C. 524; 68 S. C. 163; 83 S. C. 287; 67 S. C. 181; 76 S. C. 362; 83 S. C. 1.

March 16, 1914. The opinion of the Court was delivered by

MR. JUSTICE FRASER. This is a demurrer to the complaint.

The following is the complaint:

"The plaintiff, complaining of the defendant, alleges:

I. "That at the times hereinafter mentioned the defendant was, and still is, a corporation, created under the laws of the State of South Carolina, and was then and is now, operating a sawmill, lumber mill and other machinery in the city of Charleston, State aforesaid.

II. "That the plaintiff is the owner in fee, and in possession of, 'All that piece, parcel or lot of land with the buildings thereon * * *.'

III. "That at the times hereinafter mentioned, the defendant was, and is, operating a sawmill and other machinery near and to the southwest of said premises of plaintiff, and has been accustomed for several months past to burn as fuel for its engines and furnaces considerable quantities of sawdust.

IV. "That its engines, machinery and smokestacks were and are, so constructed that oftentimes the sawdust is subjected to a heavy forced draft, which, instead of consuming same into fine smoke, only partially consumes same, and transforms large portions of said sawdust into fine bits of cinder or charcoal, which it emits in large quantities from its smokestacks, and when the wind is blowing in the direction of plaintiff, these particles of charcoal and cinders are blown upon the premises of plaintiff, to his great annoyance, discomfort, and damage, and so as to seriously interfere with his quiet enjoyment of said premises.

V. "That the allowing of said cinders and charcoal to be blown upon the property of plaintiff, constitutes a trespass on his property on the part of defendant, and seriously impairs the value of plaintiff's property, and renders his house thereon uncomfortable, disagreeable and dirty, and seriously injures and damages his property and such articles of personalty therein, as same comes in contact with.

VI. "That plaintiff has, prior to 6th May, 1912, frequently and on various occasions complained to defendant of the annoyance and damage caused by the cinders as aforesaid, coming on his premises, and into his house, and on to his property; and although defendant has frequently promised to remedy the evils and desist from their continuance, it has utterly failed to do so.

VII. "That on or about the 6th or 7th day of May, 1912, and on divers frequent occasions during the past twelve months, prior thereto, the said defendant, wilfully, wrongfully, wantonly and knowingly, and in utter violation of the rights of this plaintiff, so used sawdust as aforesaid, in such quantities, and so operated its machinery and furnaces, as to allow such cinders and charcoal to be blown in large quantities upon the premises of plaintiff, entering the dining room, bedroom and other living rooms of plaintiff, injuring the walls, furniture, linen, wearing apparel and other property of plaintiff, causing him and his family great annoyance and discomfort, and damaging him in the possession of his premises in the sum of five thousand ($5,000.00) dollars."

The injury complained of is to a near-by lot and dwelling house located thereon.

To the complaint appellant interposed a demurrer which was overruled and from the order overruling the demurrer, this appeal is taken.

The order overruling the demurrer is sustained. The recent case of *Cauthen* v. *Lancaster Cotton Oil Company,*

filed during this term of this Court, fully sustains the right of private action for injury to property near-by.

The appeal is dismissed.